IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Lewis T. Babcock

Civil Action No. 08-cv-02018-LTB

VITO RIZZUTO,

  Applicant,

v.

J.M. WILNER, Warden, FCI-Florence,

  Respondent.

___

ORDER ON PETITION FOR HABEAS CORPUS

___

Applicant, Vito Rizzuto, is in the custody of the United States Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution ("FCI") in Florence, Colorado. On September 18, 2008, Mr. Rizzuto filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Pursuant to the Court's Order to Show Cause, dated September 23, 2009, the Government filed a Response to the Application on October 23, 2009 (Docket No. 16). Applicant filed a Reply on November 16, 2009 (Docket No. 17).

The Court must construe liberally the Application and other pleadings Mr. Rizzuto has filed because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not act as a *pro se* litigant's advocate. See Hall, 935 F.2d at 1110. For the reasons set forth below, the Application will be denied.

**I. Background**

Applicant is currently serving a term of imprisonment at the Federal Correctional Institution in Florence, Colorado. According to the undisputed facts set forth by Respondent, Applicant is serving a 120-month sentence for Racketeering Conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963, imposed by the United States District Court for the Eastern District of New York ("Eastern District of New York") on May 25, 2007.

Respondent states that Applicant and twenty-seven other defendants were members and associates of the Bonanno family of La Cosa Nostra. The Bonnano family "constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." Answer at 3. The principal purpose of the Bonanno family was "to generate money for its members and associates," and they implemented this purpose "though various criminal activities, including drug trafficking, extortion, illegal gambling, loansharking, and robbery." *Id.* Count One of the superseding indictment alleged that, between September 1978 and January 2004, each of the twenty-eight defendants, including Applicant, conspired to conduct the affairs of the enterprise through a pattern of racketeering activity, including the fifty racketeering acts alleged in the indictment. The indictment alleged that, pursuant to an agreement between the defendants, Applicant personally committed four racketeering acts, which consisted of conspiracy to commit, and the commission of,

three murders in 1981. On May 4, 2007, Applicant pled guilty to Count One of the indictment, and at the change of plea, he allocuted to the four racketeering acts alleged against him. On May 30, 2007, the Eastern District of New York entered judgment against Applicant on Count One of the superseding indictment and sentenced him to 120 months' imprisonment followed by three years' supervised release. The BOP then determined that Applicant's date of offense was January 20, 2004, the date on which he was arrested. This date corresponds with the date of the termination of the conspiracy alleged in the superseding indictment. Therefore, the BOP computed Applicant's sentence pursuant to 18 U.S.C. § 3624(c).

Applicant filed the instant Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on September 18, 2008. Applicant asserts one claim, arguing that the Court should direct the BOP to compute the length of his sentence under 18 U.S.C. § 4205(b), applicable to offenses committed before November 1, 1987, rather than under 18 U.S.C. § 3624(c), applicable to offenses committed after April 26, 1996.

**II. Standard of Review**

A section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Mcintosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary

actions, prison transfer, type of detention and prison conditions." *Jiminian v. Nash*, 254 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, in challenging the computation of his federal sentence, Applicant correctly filed his petition pursuant to § 2241 in the District of Colorado where he is incarcerated.

III. Analysis

Applicant argues that his offense date was in 1981. Therefore, he asserts that the BOP should have computed his sentence pursuant to 18 U.S.C. § 4205(b), which applies to offenses committed before November 1, 1987. He argues that the BOP has violated the *ex post facto* clause of the United States Constitution by computing his sentence pursuant to 18 U.S.C. § 3624(b), which applies to offenses committed after April 26, 1996.

The Tenth Circuit has recognized that "[t]he sentencing court generally must apply the sentencing guidelines in effect on the date of sentencing rather than those in effect at the time of the offense. The *ex post facto* clause, however, prohibits, retroactive application of an amended guideline provision if the amendment disadvantages the defendant." *United States v. Orr*, 68 F.3d 1247, 1252 (10th Cir. 1995) (internal quotation marks omitted). Nonetheless, the Tenth Circuit has also held that "when a crime involves a continuing violation, application of a law enacted after the

4

crime begins does not implicate the *ex post facto* clause." *United States v. Boyd*, 149 F.3d 1062, 1068 (10th Cir. 1998).

Applicant pled guilty to participating in a racketeering conspiracy that extended from 1978 to 2004. Answer at 7. Conspiracy is a continuing offense that is not complete until the conspiracy terminates or the defendant withdraws. *See, e.g., United States v. Stanberry*, 963 F.2d 1323, 1327 (10th Cir. 1992). Applicant, therefore, pled guilty to, and was convicted of, an offense that was complete in 2004, well after the effective date of the Sentencing Reform Act, 18 U.S.C. § 3624(b). S*ee White v. Veach*, 219 Fed. Appx. 512, 512 (7th Cir. March 12, 2007) (unpublished decision) (finding that the Sentencing Reform Act became effective on November 1, 1987). Moreover, the Tenth Circuit has held that "[w]hen a conspiracy begins during a period where the application of certain Guidelines would be controlling and extends into a period when another Guideline application would be appropriate, there is no violation of the *ex post facto* clause in applying the Guidelines in effect at the time of the last act of the conspiracy." S*tanberry*, 963 F.2d at 1327; *see also United States v. Massey*, 48 F.3d 1560, 1568 n.7 (10th Cir. 1995) (holding that "[s]ince conspiracy is a continuing offense, a conspirator may be sentenced under a law that is passed during the course of the conspiracy and that increases the penalty")*.* Based on the analysis set forth above, the Court finds and concludes that Applicant's sentence was correctly computed pursuant to 18 U.S.C. § 3624(b). Therefore, the Court will deny the application and dismiss the action.

Accordingly, it is

ORDERED that the habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE.

DATED at Denver, Colorado, this __25th__ day of _____May_____, 2010.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, District Judge
United States District Court